**BOARD OF EDUCATION OF the SCHOOL DISTRICT OF the CITY OF DETROIT, a school district of the first class, Plaintiff-Appellant,**

v.

**Ronald BRADLEY et al., Defendants-Appellees.**

No. 72–1811.

United States Court of Appeals, Sixth Circuit.

Nov. 27, 1972.

George T. Roumell, Jr., Louis D. Beer, Jane Keller Souris, Russ E. Boltz, Riley & Roumell, Detroit, Mich., for plaintiff-appellant.

Theodore Sachs, Ronald R. Helveston, Detroit, Mich., for defendants-appellees.

Before PHILLIPS, Chief Judge, and EDWARDS and PECK, Circuit Judges.

## ORDER

On receipt and consideration of a motion filed in the above styled case and entitled "Emergency Motion of Board of Education of the School District of the City of Detroit to Order Governor of the State of Michigan, the Attorney General of the State of Michigan, the Treasurer of the State of Michigan, the Superintendent of Public Instruction for the State of Michigan, the Members of the State Board of Education of Michigan and Other State Officials to Provide Funds to Keep the Detroit Public Schools Operating for a Full 180 Regular Days of Instruction," and on inspection of the record in Bradley v. Milliken (Nos. 72–1809, 72–1814), the emergency motion referred to above is hereby dismissed for want of jurisdiction.

■■ This record discloses that if this motion be conceived of as an appeal from Judge Roth's injunctive order dated July 7, 1972, no notice of appeal has ever been filed concerning said order, and time for filing such a notice has long expired. If said motion be conceived of as a petition for equitable relief directed to the federal judicial power, it is clear to us that it must be directed in the first instance to the appropriate United States District Court with jurisdiction in the premises.

■ We specifically note that the fact that certain of the orders entered by Judge Roth have been appealed to this court does not deprive the District Court of jurisdiction to hear petitions to alter or amend continuing injunctive orders on the basis of change of circumstances. See Kelley v. Metropolitan County Board of Education of Nashville and Davidson County, Tennessee, 463 F.2d 732 (6th Cir. 1972).

The dismissal of the aforesaid motion is without prejudice to the right of the parties to seek in the District Court a modification of the order of that court dated July 7, 1972.